CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 0 6 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| GARY GERMANO, | ) |
| | ) Civil Action No. 5:09CV00083 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By:   Honorable Glen E. Conrad |
| | )         United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Gary Germano, was born on October 25, 1948, and eventually completed his high school education. Mr. Germano also attended college for a time. Thereafter, he served in the United States Air Force. According to the vocational expert who testified in this case, plaintiff has worked primarily as a direct sales representative, office manager in a self-storage business, quality assurance analyst, quality auditor, quality inspector, and unit clerk. (TR 53-54). At the

administrative hearing, plaintiff, through counsel, indicated that he last worked on a regular and sustained basis in December of 2006. (TR 39-40). The Administrative Law Judge determined that Mr. Germano engaged in substantial gainful activity through 2007. (TR 13).

On December 10, 2006, Mr. Germano filed an application for a period of disability and disability insurance benefits. Plaintiff alleged that he became disabled for all forms of substantial gainful employment on June 15, 2004 due to type 2 diabetes and ulcerative colitis. At the time of the administrative hearing, Mr. Germano amended his application so as to reflect a disability onset date of January 1, 2007. (TR 40). He now maintains that he has remained disabled to the present time. The record reveals that Mr. Germano met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See gen., 42 U.S.C. §§ 416(i) and 423(a).

Mr. Germano's claim was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated March 26, 2009, the Law Judge also determined that Mr. Germano is not disabled. The Law Judge found that plaintiff suffers from a severe impairment on the basis of ulcerative colitis. Despite this condition, and the associated symptoms requiring frequent bathroom breaks, the Law Judge ruled that plaintiff retains sufficient functional capacity to return to his past relevant work roles as a quality assurance analyst, unit clerk, customer service representative, and quality auditor. In assessing the skill levels and exertional requirements of these past work roles, the Law Judge referred to testimony of a vocational expert. (TR 20). Having determined that Mr. Germano retains sufficient functional capacity to perform several past relevant work roles, the Law Judge concluded that plaintiff is not disabled and that he is not entitled to a period of disability or disability insurance

benefits. See 20 C.F.R. § 404.1520(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Germano has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision denying entitlement to benefits is supported by substantial evidence. The court believes that the Administrative Law Judge properly determined that while Mr. Germano suffers from diabetes and an emotional disturbance, plaintiff's ulcerative colitis is the only severe impairment which significantly affects his performance of substantial gainful activity. The medical record establishes that, without question, plaintiff's condition is disruptive, and causes severe, unpredictable, and uncontrollable bowel movements. In denying entitlement to benefits, the Law Judge noted that, despite plaintiff's complaints of "flare ups" of his colitis, Mr. Germano was able to continue working even after onset of his severe symptoms. (TR 19). The Law Judge also cited medical findings which indicate that plaintiff's ulcerative colitis was in remission by October 22, 2007. (TR 19). The Law Judge ultimately concluded that as long as plaintiff is provided ready

3

access to bathroom facilities, he remains capable of performing several of his prior light work roles. The court believes that the Administrative Law Judge's assessment is supported by the medical record in this case. Furthermore, the court concludes that the Law Judge's disposition is consistent with the legal framework governing adjudication of claims for disability insurance benefits. It follows that the Commissioner's final decision must be affirmed.

On appeal to this court, Mr. Germano argues that the Administrative Law Judge's decision is deficient in two respects. First, citing the report of a nurse practitioner dated December 31, 2008, plaintiff contends that the Law Judge erred in determining that the ulcerative colitis has improved to any great extent. Based on this report, Mr. Germano maintains that he is unable to perform even low stress jobs on a regular basis, and that his ulcerative colitis would result in such frequent absences from work as to prevent performance of substantial gainful activity. Second, plaintiff asserts that the Law Judge erred in determining that plaintiff retains sufficient functional capacity to perform past relevant work. In essence, plaintiff argues that his last job, in a family run business, was makeshift work. Citing the testimony of the vocational expert, Mr. Germano contends that his ulcerative colitis results in the need for such frequent bathroom breaks as to prevent performance of any of his past jobs, or any other jobs existing in the competitive work market.

The court believes that the Administrative Law Judge properly determined that the medical record does not support plaintiff's claim of total disability for all forms of work. While the court does not underestimate the severe physical and emotional manifestations of plaintiff's ulcerative colitis, the simple fact is that, after a period of rigorous treatment, his medical specialists determined that his ulcerative colitis was in remission. (TR 651). More specifically, gastroenterology notes compiled in 2007 reveal that Mr. Germano reported a reduction in the frequency of bowel

movements from sixty to six. (TR 738-77). During the same period, he was weaned off of the prednisone, which had previously been prescribed for treatment and control of his condition. (TR 748). At the time of the administrative hearing on January 13, 2009, plaintiff testified that his doctors were again trying to control his condition with steroids, and that the frequency of his bowel movements had decreased from thirty per day to four to six, depending on what he ate. (TR 33-35). The court believes that the medical record, as well as plaintiff's testimony, are consistent with the Law Judge's finding that Mr. Germano can work on a regular basis, as long as he is provided ready access to a bathroom.

It is true that in a report dated December 31, 2008, Ann Allen, a nurse practitioner, produced a physical capacity assessment which indicates that plaintiff's ulcerative colitis and mood disorder are so severe as to prevent all forms of work. The court believes that the Administrative Law Judge properly discounted Ms. Allen's physical capacity assessment. As a nurse practitioner, Ms. Allen is not deemed to be an acceptable medical source under the governing administrative regulations. See 20 C.F.R. § 404.1513(a). More importantly, as noted above, Ms. Allen's opinions are inconsistent with the medical notes and clinical reports from the gastroenterologists and other physicians who have treated Mr. Germano's condition. As for the nurse practitioner's comments as to the impact of plaintiff's mood disorder, the court notes that in a psychiatric assessment dated September 30, 2008, it was reported that Mr. Germano had a GAF of 65[1], and that he did not require psychiatric medication. (TR 805-06). In short, the court finds substantial evidence to support the

---

[1] The global assessment of functioning, or GAF, is used to report the clinician's judgment of the subject's overall level of functioning. A score between 61 and 70 represents only some mild symptoms or some difficulty in social, occupational, or school functioning, but generally functioning pretty well, with some meaningful interpersonal relationships. American Psychiatric Association: *Diagnostic and Statistical Manual of Mental Disorders*, Fourth Edition, Text Revision. Washington, DC, American Psychiatric Association, 2000. P. 47.

Law Judge's determination that plaintiff's medical conditions have never been so severe as to prevent performance of light work activity in which his need for bathroom breaks can be accommodated.

Mr. Germano's argument as to the vocational considerations in his case present a somewhat closer question. While recognizing that he actually had a job during the period of time in which he was experiencing "flare ups" with his ulcerative colitis, plaintiff contends that he was working for family members who were willing to overlook his frequent absences from his work station. Moreover, while it is now essentially undisputed that, with treatment, Mr. Germano takes about six bathroom breaks a day, plaintiff cites testimony of the vocational expert as suggesting that bathroom breaks of such frequency would not permit performance of sustained, full-time gainful activity. (TR 56). Plaintiff argues that the Law Judge did not take this factor into account in determining that he possesses the capacity to perform past relevant work.

It is true that, in formulating a hypothetical question for the vocational expert, the Administrative Law Judge included no assumptions as to the frequency of plaintiff's need for bathroom breaks. However, the court notes that, in finding that plaintiff retains the capacity to return to certain of his past work roles, the Administrative Law Judge did not rely on the vocational expert's testimony. Indeed, the Law Judge cited the vocational expert's input only in determining the exertional levels and skill levels of plaintiff's past jobs. (TR 20). The administrative regulations provide that the Administrative Law Judge <u>may</u> receive expert testimony and opinion in determining whether a claimant possesses the capacity to perform past relevant work. <u>See</u> 20 C.F.R. § 404.1560(b)(2). However, such input at the fourth level of the sequential disability analysis is not

required.[2] Indeed, input from a vocational expert is more generally received only when it has been determined that the claimant is disabled for past relevant work, and it becomes necessary to assess the claimant's capacity to perform alternate work roles existing in the national economy at the fifth step of the sequential disability analysis. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983); Taylor v. Weinberger, 512 F.2d 664 (4th Cir. 1975). On numerous occasions, this court has held that if the Law Judge relies on an opinion from a vocational expert in determining whether a claimant retains sufficient functional capacity to perform a particular past work role, it is necessary that the Law Judge pose an accurate and comprehensive hypothetical question for the vocational expert's consideration. See, e.g, Utt v. Astrue, Civil Action No. 5:09CV00037, 2009 WL 4841025 (W.D.Va. December 15, 2009). However, inasmuch as the Law Judge in the instant case did not rely upon the vocational expert's testimony in concluding that Mr. Germano remains capable of performing certain of his past relevant work roles, the court concludes that there are no legal deficiencies in the Law Judge's treatment of the vocational issues.

In essence, Mr. Germano's real argument is that while there may be some special situations in which a person who is required to take frequent bathroom breaks is able to function productively, such disruptions are generally not tolerated in the workplace. However, is it now well settled that in determining whether a claimant can perform past relevant work at the fourth step of the sequential

---

[2] The governing administrative regulations establish a five step sequential disability analysis for the evaluation of claims for benefits. See 20 C.F.R. § 404.1520. At the first step, it is determined whether the claimant is still engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). If he is not, it is determined at the second step whether the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimant suffers from a severe impairment, it must be determined at the third step of the evaluation whether the claimant's conditions, singly or in combination, are so severe as to meet or equal a listed impairment under Appendix 1 to the regulations. 20 C.F.R. § 404.1520(d). If a claimant does not suffer from a listed impairment, it must be determined whether the claimant retains sufficient functional capacity to perform past relevant work. 20 C.F.R. § 404.1520(f). If a claimant is disabled for past relevant work, it must be determined whether the claimant retains sufficient functional capacity to perform alternate work roles existing in significant number in the national economy. 20 C.F.R. § 404.1520(g). As previously noted, the Administrative Law Judge in the instant case denied Mr. Germano's claim at the fourth level of the sequential analysis, finding that the claimant retains sufficient functional capacity to perform past relevant work.

analysis, it is appropriate to consider the requirements of the job as it is generally required by employers throughout the national economy or the requirements of the particular job which the claimant previously performed. Social Security Ruling (SSR) 82-61; see also, Pass v. Chater, 65 F.3d 1200, 1207 (4th Cir. 1995). Thus, while it is true that many employers may not grant the same measure of leeway, and that not all employers will provide ready access to a bathroom, it is not necessary that the past relevant work role for which the claimant is deemed capable for purposes of the inquiry under 20 C.F.R. § 404.1520(f) exists in substantial number in the national economy or that it even continues to exist at all. Barnhart v. Thomas, 540 U.S. 20, 28 (2003).

In any event, given the medical record developed in this case, the court believes that it was reasonable for the Administrative Law Judge to find that Mr. Germano could be expected to work on a regular and sustained basis in a light job in which he is permitted to take bathroom breaks with greater frequency than other workers. The court finds that in reaching this conclusion, the Law Judge considered the medical evidence regarding the improvement in plaintiff's condition and the fact that plaintiff must now take bathroom breaks only five or six times a day. The court believes that in assessing plaintiff's case, the Law Judge considered all of the subjective factors reasonably supported by the medical record, and that the Law Judge considered the testimony of plaintiff and his witnesses. It must be recognized that the inability to do work without any subjective complaints does not of itself render a claimant totally disabled. Craig v. Chater, 76 F. 3d 585, 594-95 (4th Cir. 1996). It follows that all facets of the Commissioner's final decision in this case are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales,

supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER this 5th day of May, 2010.

_____
United States District Judge